**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**JEFF R. GORDON**,

                                 Plaintiff,

                                 **DECISION AND ORDER**
v.                                  1:17-CV-00830-RJA

**NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY**,

                                 Defendant.

---

## INTRODUCTION

Plaintiff Jeff R. Gordon ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income under Title XVI of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 11 and 17). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Commissioner's motion and **DENIES** the Plaintiff's motion.

## DISCUSSION

This Court reviews the record to determine only whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ did not properly evaluate Plaintiff's non-exertional limitations when formulating the RFC and erred in evaluating the opinion of the Psychological Consultative Examiner. The Court finds the ALJ's decision is based upon substantial evidence and that some errors in the decision are procedurally harmless.

Plaintiff, 56 years old on the date of his administrative hearing, has his GED and testified he last held employment as a gas station cashier in 2008. (Tr. 29, 48-50). Plaintiff explained during his June 2016 hearing that his primary reason for his inability to work is because "once a month for about a week" he becomes depressed. (Tr. 50). The ALJ found Plaintiff's severe impairments to be major depressive disorder and unspecified bipolar disorder. (Tr. 12; *see* Tr. 13-15 (discussing the mental impairments at step 3). After consideration of the record, the ALJ found Plaintiff had the residual functional capacity to perform a full range of work, specifically, he can "work at all exertional levels but with the following nonexertional limitations: he requires work that is simple, routine, and repetitive at a specific vocational preparation of one or two[1] and he can have occasional contact with supervisors, coworkers, and the public." (Tr. 15).

Plaintiff argues that the ALJ did not properly evaluate his non-exertional limitations when formulating the RFC. The Court disagrees. The ALJ is "entitled to weigh *all* of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.App'x 53, 56 (2d Cir. 2013) (summary order) (emphasis added). Further, the ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ found, and the Court agrees, the record supports that Plaintiff has some limitations in his ability to perform substantial gainful activity, but Plaintiff is not so limited as to be precluded from working altogether as he contends.

The evidence the ALJ relied on consists of treatment notes, which indicated only mild and isolated depression[2] caused by unemployment and homelessness,

---

[1] "A job with [A Specific Vocational Preparation or "SVP"] level of one requires only a short demonstration for an individual to learn the job. An SVP level of two requires up to one month for an individual to learn the job." *See* (Dkt. 17 at 12 n.2) (citing *Dictionary of Occupational Titles* Appendix C).

[2] While a finding of disability is not precluded when a claimant exhibits mental impairment due to situational stressors, there is no evidence in the record to support a finding that his depression "did last or is expected to last for a continuous period of at least 12 months." *See* 20 C.F.R. § 416.909.

2

unremarkable mental health status examinations (Tr. 16), and credible medical opinions of Drs. Rosenshield and Hoffman—who both found mostly "mild" paragraph B limitations[3] (Tr. 17-18), symptoms that were well-controlled by conservative treatment (Tr. 16, 261, 395, 389, 406), and activities of daily living, which include grocery shopping once per week, cooking on a regular basis, cleaning his home, taking care of his dog, taking care of his personal hygiene on his own, and going to the library to take out books. (Tr. 58-60). The ALJ also considered that Plaintiff exercised on a regular basis and walked his dog for 20 to 30 minutes at a time. (Tr. 308, 312, 333). This evidence contradicts allegations of disabling depressive symptoms for the duration Plaintiff contends. The Plaintiff correctly points out that the ALJ failed explicitly apply the Psychiatric Review Technique at steps 2 and 3, *see e.g.*, *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (quoting former 20 C.F.R. § 404.1520a(e)(2)), but the Court notes again that the ALJ did consider all available evidence in the record, so the error is harmless.

In formulating Plaintiff's RFC, the ALJ noted that he "afforded extreme deference" to Plaintiff's testimony (i.e. Plaintiff's reports of depression, crying spells, irritability, low energy, difficulty concentrating, etc.) when weighing the opinions are Drs. Rosenshield and Hoffman. The ALJ found that the record indicated few limitations, despite Plaintiff's testimony that he had was disabled, and relied upon substantial evidence to conclude Plaintiff had the ability to perform work that is simple, routine, repetitive, and at the specific vocational preparation of "one or two" and can have occasional contact with others. (Tr. 18). "[W]here the ALJ's decision to discredit a claimant's subjective complaints is supported by substantial evidence, [the reviewing courts] must defer to his findings." *Calabrese v. Astrue*, 358 Fed. App'x. 274, 277 (2d Cir. 2009). Therefore, based on the record, the Court finds that the ALJ adequately considered Plaintiff's subjective complaints.

Plaintiff also argues that the ALJ erred in evaluating the medical opinion of the Psychological Consultative Examiner, Dr. Christine Ransom, Ph.D. that is based upon one examination in November of 2013. The point is well-taken, as the Second Circuit has

---

[3] Paragraph B criteria include: activities of daily living, maintaining social functioning, maintain concentration, persistence, or pace, and episodes of decompensation. *See* 20 C.F.R. § 404.1520(c)(3).

"frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination [and that] this concern is even more pronounced in the context of mental illness where . . . a one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019) (quotation omitted). But Dr. Ransom concluded Plaintiff had "moderate to marked" limitations—greater limitations than the balance of the medical evidence supported. Dr. Ransom's conclusions, as the ALJ noted, were "starkly inconsistent" with other record evidence. (Tr. 17). Specifically, the ALJ noted that Dr. Ransom's findings differed greatly from those of Plaintiff's treating psychiatrist, Dr. Yap, who indicated Plaintiff's depression to be only "mild." (Tr. 263, 415). In addition, the ALJ noted that Dr. Ransom's opinion was "heavily reliant upon [Plaintiff's] subjective reports and his anomalous presentation." (Tr. 17). Plaintiff also, after his consultative examination with Dr. Ransom, told a second consultative examiner later that day that he "enjoyed going out and hanging with friends, could perform household chores and self-care, and enjoyed reading." (Tr. 17). For these reasons, and in accordance with 20 C.F.R. § 416.927(c), the ALJ reasonably gave diminished weight to Dr. Ransom's November 2013 opinion and the Court finds that the ALJ did not err in doing so.

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings (Dkt. 17) denying benefits is granted. The Plaintiff's motion for judgment on the pleadings (Dkt. 11) is denied. The Clerk is directed to enter judgment in favor of the Commissioner.

**IT IS SO ORDERED.**

                                            *s/Richard J. Arcara*
                                            **HONORABLE RICHARD J. ARCARA**
                                            **UNITED STATES DISTRICT COURT**

**Dated:** June 24, 2019